CHARLES HINCKLEY *vs.* HENRY WILLIAMS & Trustee.

A testator devised certain property in trust, that the trustee should annually expend the income thereof, together with so much of the principal, at his discretion, as should from time to time be necessary therefor, in the comfortable maintenance and support of the testator's two daughters, in sickness and in health, and in supplying them with food, clothing, suitable attendance, and medical aid, &c.; and the trustee invested the funds in a mortgage of real estate, on which interest was payable annually, and on which he had received interest, which had never been called for by the persons or either of them who were entitled thereto, and which still remained in his hands : The trustee being summoned in a trustee process, as the trustee of one of the daughters, and of the husband of the other, it was held, that he was not liable as such.

THIS action was brought to recover the amount of a promissory note signed by the defendants, Henry Williams, Amanda Williams, his wife, (against whom the plaintiff had discontinued), and Mary Robinson.

Levi R. Percival, summoned as the trustee, was the executor and trustee under the will of Levi Robinson, the father of Amanda Williams, and of Mary Robinson.

The testator, after making certain specific bequests, left all the residue of his estate, real and personal, to Levi R. Percival, (whom he also appointed his executor), upon and for the trusts and purposes mentioned in the following clause of his will ·

" In the first place, that he the said Levi R. Percival shall manage said estate in a judicious and faithful manner, during the natural lives of my daughters Mary Robinson and Amanda Williams, and the life of the survivor of them, and upon the further trust, that he the said Levi R. Percival shall annually expend the income of said estate hereby devised to him in trust, and so much of the principal thereof, at the discretion of the said Levi R. Percival, as shall be necessary therefor, in the comfortable maintenance and support of my said daughters, Mary Robinson and Amanda Williams. It is my will and I hereby direct, that my said daughters shall be supported out of my said estate in sickness and in health, and supplied with food, clothing, suitable attendance and medical aid, and that so much of the principal of my said estate, as in the judgment of the said Levi R. Percival may be deemed necessary and expedient, shall be from time to time expended therefor. And upon the further trust, that the said Levi R. Percival shall pay out of said estate the funeral expenses of the said Mary and Amanda ; and upon the further trust, that the said Levi R. Percival, after the death of the said Mary and Amanda, and the survivor of them, and after paying to himself a reasonable compensation, to be fixed by the judge of probate for the time being, for executing the trusts of this will, shall pay over to the heirs at law of the said Mary Robinson one half of all the estate herein devised to the said Levi R. Percival in trust, which shall then remain unexpended for the purposes herein expressed, and to the heirs at law of the said Amanda Williams the other half of all the estate herein devised to the said Levi R. Percival in trust, which shall then remain unexpended for the purposes herein expressed."

The supposed trustee further disclosed in his answer, that he had invested the funds so devised to him in trust, amounting to about $680, in a mortgage of real estate, the interest on which was payable annually ; and that he had received interest thereon, amounting to the sum of $102, which had never been called for by the persons who were entitled to

receive the same, or by either of them, and which still remained in his hands.

*G. J. Tucker,* for the trustee.

*W. Porter & F. Chamberlain,* for the plaintiff.

SHAW, C. J.   The only question here is, whether the trustee is chargeable on his answer, as having any goods, effects, or credits of the principal defendant in his hands.   The defendant was the husband of Amanda Williams ; and the trustee summoned was the executor and trustee under the will of Levi Robinson, the father of Amanda Williams.   By the will of Levi Robinson, deceased, a fund was placed in the hands of Levi R. Percival, in trust, to " manage the same in a judicious and faithful manner during the natural lives " of the testator's " daughters Mary Robinson and Amanda Williams and the life of the survivor of them."   It will be necessary to state the terms of that part of the will only which relates to the daughter, Amanda Williams.   The will proceeds to provide, that he the said Percival shall annually expend the income of said estate, and so much of the principal thereof, at the discretion of the said Percival, as shall be necessary therefor, in the comfortable support and maintenance of the testator's said daughter, and generally to supply her with food, clothing and necessaries, in sickness and in health, and apply so much of the principal thereto, as in the judgment of the said Percival he may deem necessary ; also to pay her funeral expenses, with an ultimate trust for heirs.

It appears to us, that, under this will, no money has ever become due to the husband or to the wife.   When nothing remains for a trustee to do but to pay over money on demand, it may be regarded as a debt, and assumpsit will lie for it. *Roper* v. *Holland,* 3 Ad. & Ell. 99.   But no such case has ever occurred here.   Both income and principal were to be applied to relieve the necessities of the daughter, at the discretion of the trustee, and not in any event to be paid to her.   Some stress was laid on the direction to the trustees annually to expend the income, &c. ; but, taking the whole sentence together, we think it was at his discretion, and so

far as he should judge necessary, as well in regard to the income as the principal. But, were the construction of this clause otherwise, it would not vary the result, because the trustee is to apply the money for the use of the *cestui que trust*, and not to pay the money to her. The circumstances disclosed, as far as they may have any effect, would tend to confirm this construction. The fund is quite small, the income of course small, and it might well be presumed that the testator, during the health and prosperity of the daughter, might be desirous that the fund should gradually accumulate to meet the time of want and sickness, and claims for funeral expenses, which he had in view.

*Trustee discharged.*